**William McBEE, Petitioner-Appellant,**

v.

**Archie WEAVER, Sheriff of Knox County, Tennessee, et al., Respondent-Appellee.**

**No. 16254.**

United States Court of Appeals
Sixth Circuit.

Feb. 1, 1966.

Ed R. Davies, Nashville, Tenn., and William E. Badgett, Knoxville, Tenn., for appellant.

Henry C. Foutch, Asst. Atty. Gen., Nashville, Tenn., for appellee. David W. McMackin, Special Counsel, Nashville, Tenn., on brief, George F. McCanless, Atty. Gen., and Reporter, Nashville, Tenn., of counsel.

Before EDWARDS, Circuit Judge, CECIL, Senior Circuit Judge, and BROWN, District Judge.*

PER CURIAM.

Petitioner was convicted of first degree murder in a trial in Knox County, Tennessee in 1954. In 1961, this court determined that such conviction was void because petitioner had been deprived of effective assistance of counsel in violation of the Fourteenth Amendment in that he was forced to trial on the same

---

\* Honorable Bailey Brown, Judge, United States District Court for the Western District of Tennessee, sitting by designation.

day that his lawyer was employed. McBee v. Bomar, 296 F.2d 235 (6th Cir. 1961).

Petitioner was retried in 1962 (represented by the employed lawyer who had represented him at the first trial) and was convicted of murder in the second degree. At this trial, the testimony of two witnesses for the State, who had testified at the first trial but who had since died, was read in evidence over the objection of petitioner's lawyer. This conviction was affirmed by the Supreme Court of Tennessee (McBee v. State, 213 Tenn. 15, 372 S.W.2d 173 (1963) ) and the Supreme Court of the United States denied certiorari. 377 U.S. 955, 84 S.Ct. 1633, 12 L.Ed.2d 499 (1964).

In 1964, petitioner filed another habeas corpus petition in the District Court for the Eastern District of Tennessee, alleging that his Fourteenth Amendment rights had been violated by the admission in evidence of the transcript of the testimony of the two witnesses who had testified at the first trial. The District Judge denied the petition without a hearing and petitioner has appealed.

Subsequent to the denial of the second petition for habeas corpus, the Supreme Court of the United States decided Pointer v. State of Texas, 380 U.S. 400, 85 S. Ct. 1065, 13 L.Ed.2d 923 (1965). In Pointer, the majority holding is that the Sixth Amendment right to confrontation includes the right to a "complete and adequate opportunity to cross-examine" and that this right is made obligatory upon the States by the Fourteenth Amendment.

In its opinion in the prior habeas corpus proceeding (296 F.2d 235), this court refers to actual prejudice to petitioner in the inability of his counsel to effectively cross-examine the witness Stewart, who was one of the witnesses whose testimony was read at the second trial. We conclude that this language in the opinion is dictum. We so conclude because it was not necessary to the decision of this court that petitioner had been unconstitutionally denied effective assistance of counsel and that therefore petitioner's conviction was void.

 In the instant case, as stated, the District Judge held no evidentiary hearing and did not have the benefit of the decision in Pointer. Whether an accused has had "complete and adequate opportunity to cross-examine" is a question of fact in the first instance. Under Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), issues of fact in habeas corpus proceedings must first be heard by District Judges and their findings are binding upon appellate courts unless "clearly erroneous." Rule 52(a), F.R.Civ.P. On remand, the District Judge can hold a hearing on this issue of fact with the standards of Pointer in mind.

Reversed and remanded for further consideration in the light of Pointer v. State of Texas, supra.